# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO HONESTO, | CASE NO. 1:10-cv-01177-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR JOINDER AND/OR CLASS CERTIFICATION |
| v. | |
| ARNOLD SCHWARZENEGGER, | (ECF No. 12) |
| Defendants. | |

**ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Pedro Honesto ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 22, 2010 and consented to Magistrate Judge jurisdiction on July 29, 2010. (ECF Nos. 1 & 9.) Plaintiff's Complaint has yet to be screened by the Court.

Currently pending before the Court is Plaintiff's Motion for miscellaneous relief. (ECF No. 12.) Plaintiff requests class certification, joinder, service of his complaint, and injunctive relief. Each of these will be address in turn below.

1

**CLASS ACTION**

Plaintiff seeks certification of this litigation as a class action.  Plaintiff states that other similarly situated inmates should be included in his action.  He states that the claims involve questions or law or fact common and that he will fairly and adequate protect the interests of the class.

Plaintiff, however, is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4).  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by Plaintiff.

**JOINDER**

Plaintiff also seeks joinder.  Again, Plaintiff states that the claims involve the same questions of law or fact.

Pursuant to Federal Rule of Civil Procedure 20(a), persons may be joined in one action as defendants if any right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions and occurrences, and any question of law or fact common to all defendants will arise in the action.  See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in

different suits").

Plaintiff does not specify what Defendants he would like joined, nor does he specify what claims he is referring to. Thus, this request is denied.

The Court also notes that at this stage in the proceedings, Plaintiff is allowed to amend his complaint. If Plaintiff believes that he mistakenly named a defendant or failed to name an individual as a defendant, he is free to file an amended complaint, keeping in mind that an amended complaint supercedes the original. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

**SERVICE**

Plaintiff also seeks to have the Defendants served. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

With respect to service, the Court will, sua sponte, direct the United States Marshal to serve the Complaint only after the Court has screened the Complaint and determined that it contains cognizable claims for relief against the named Defendants. As the Court has yet to screen Plaintiff's case, his request for service is premature and unnecessary. As the Court has a significant number of prisoner civil rights cases pending before it, it will screen Plaintiff's complaint in due course.

///

**INJUNCTIVE RELIEF**

Finally, Plaintiff also seeks injunctive relief. Plaintiff repeatedly states that joinder or class certification is necessary to foreclose officials from inflicting irreparable harm.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 374). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Relief Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely

4

cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." <u>Committee of Central American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 675 (9th Cir. 1984)).

The Court finds that Plaintiff has not established that he is likely to succeed on the merits in this case, has failed to show that he is likely to suffer irreparable harm in the absence of an injunction, and does not address the balance of equities or the public interest, all of which are prerequisites to the issuance of an injunction. Overall, the Court finds that Plaintiff has failed to meet his burden with respect to the issuance of an injunction.

## II.  CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for class certification is DENIED;
2. Plaintiff's request for joinder is DENIED;
3. Plaintiff's request for service is DENIED; and
4. Plaintiff's request for injunctive relief is DENIED.

IT IS SO ORDERED.

Dated:  May 23, 2011

UNITED STATES MAGISTRATE JUDGE

5