1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  PEDRO J. HONESTO,                                    CASE NO. 1:10-cv-01177-GBC (PC)

10                                Plaintiff,            ORDER DISMISSING COMPLAINT WITH
                                                       LEAVE TO AMEND AND DENYING
11          v.                                         MOTION FOR RECONSIDERATION

    A. SCHWARZENEGGER, et al.,
12                                                     (ECF Nos. 1 & 14)
                                  Defendants.
13                                                     FIRST AMENDED COMPLAINT DUE
    _____ /                 WITHIN THIRTY DAYS
14

15                                    **SCREENING ORDER**

16  **I.    PROCEDURAL HISTORY**

17          Plaintiff Pedro J. Honesto ("Plaintiff") is a state prisoner proceeding pro se and in

18  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this

19  action on June 22, 2010 and consented to Magistrate Judge jurisdiction on July 29, 2010.

20  (ECF Nos. 1 & 9.)   No other parties have appeared.

21          Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth

22  below, the Court finds that Plaintiff has failed to state any claims upon which relief may be

23  granted.

24  **II.   SCREENING REQUIREMENTS**

25          The Court is required to screen complaints brought by prisoners seeking relief

26  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

28  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

1   relief may be granted, or that seek monetary relief from a defendant who is immune from

2   such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion

3   thereof, that may have been paid, the court shall dismiss the case at any time if the court

4   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

5   granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6        A complaint must contain "a short and plain statement of the claim showing that the

7   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

8   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

9   mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

10  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

11  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

12  face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).   While factual

13  allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

14  **III.   SUMMARY OF COMPLAINT**

15       Plaintiff appears to be alleging violations of his due process rights.  Plaintiff names

16  the following individuals as Defendants: A. Schwarzenegger, J. Hartley, and Does.

17       It appears to the Court that Plaintiff's statement of the case contains almost no

18  allegations of constitutional violations.  Plaintiff states that Defendant Hartley is responsible

19  for establishing minimum eligibility release dates (MERD) for prisoners, including Plaintiff,

20  with indeterminate release dates.  Plaintiff goes on to detail what is involved in the

21  calculation of the date (application of good time credits, work-time credits, county jail

22  credits, disciplinary actions, etc.) and hearings that are held.  Plaintiff describes the series

23  of events that occur after a prisoner is found unsuitable for parole in preparation for the

24  subsequent suitability hearing, including interviews conducted by correctional counselors

25  and psychiatric doctors.

26       Plaintiff states that he was not advised of his right to counsel during this process,

27  specifically for the interviews conducted by correctional counselors and psychiatric doctors.

28       Plaintiff seeks declaratory and injunctive relief.

2

IV.    **ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

A.    **Due Process Claim**

It is extremely difficult for the Court to determine what Plaintiff is alleging as he talks in generalities and procedures and not specifics.  It appears that he may be asserting that his rights of due process were violated in relation to his unsuitability hearing and subsequent interviews.[1]  If in fact Plaintiff is attempting to make an argument under due process, he should keep in mind the following legal standard.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits state action that "deprive[s] a person of life, liberty or property without due process of law."  U.S. Const. amend. XIV, § 2.  A person alleging a due process violation must first demonstrate that he or she was deprived of a protected liberty or property interest, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Ky. Dep't. Of Corrs. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002).  A protected liberty interest may arise from either the Due Process Clause itself or from state laws.  Bd. of Pardons v. Allen, 482 U.S. 369, 373 (1987).  In the context of parole, the United States Constitution does not, in and of itself, create a protected liberty interest in the receipt of a parole date, even one that has already been set.  Jago v. Van Curen, 454 U.S. 14, 17-21

---

[1]  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that § 1983 claims were cognizable because granting declaratory and injunctive relief that would render invalid state procedures used to deny parole eligibility and suitability would "[not] necessarily spell speedier release").

(1981).  If a state's statutory parole scheme uses mandatory language, however, it "'creates a presumption that parole release will be granted' when or unless certain designated findings are made, thereby giving rise to a constitutional liberty interest." McQuillan, 306 F.3d at 901 (quoting Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979)).

California state prisoners serving indeterminate prison sentences "may serve up to life in prison, but they become eligible for parole consideration after serving minimum years of confinement."  In re Dannenberg, 104 P.3d 783, 791 (2005).  California's statutory scheme governing parole eligibility for indeterminately sentenced prisoners provides, generally, that a release date will be granted unless the Board determines that "the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offense, is such that consideration of the public safety requires a more lengthy period of incarceration."  Cal.Penal Code § 3041(b).  California state prisoners whose sentences carry the possibility of parole, therefore, have a clearly established, constitutionally protected liberty interest in the receipt of a parole release date.  Allen, 482 U.S. at 377-78 (quoting Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979)); see also Irons v. Carey, 505 F.3d 846, 850-51 (9th Cir. 2007) (citing Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir.2006)); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003); McQuillion, 306 F.3d at 903.

Despite the existence of this liberty interest, it is well established that inmates are not guaranteed the "full panoply of rights" during a parole suitability hearing as are normally afforded to criminal defendants under the Due Process Clause.  See Pedro v. Or. Parole Bd., 825 F.2d 1396, 1398-99 (9th Cir. 1987).  Nonetheless, inmates are afforded limited procedural protections.  The Supreme Court has held that a parole board, at minimum, must give an inmate an opportunity to be heard and a decision informing him of the reasons he did not qualify for parole.  Hayward v. Marshall, 603 F.3d 546, 560 (9th Cir. 2010) (citing Greenholtz, 442 U.S. at 16).  In addition, as a matter of state constitutional law, denial of parole to California inmates must be supported by "some evidence"

4

demonstrating that the inmate poses an unreasonable risk of danger to society. Hayward, 603 F.3d at 562 (citing In re Rosenkrantz, 59 P.3d 174 (2002)); see also In re Lawrence, 190 P.3d 535, 539 (recognizing the denial of parole must be supported by "some evidence" that an inmate "poses a current risk to public safety"); In re Shaputis, 190 P.3d 573, 584-585 (2008) (same). "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of [the] state," Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010), making compliance with this evidentiary standard mandated by the federal Due Process Clause. Pearson v. Muntz, 606 F.3d 606, 609 (9th Cir. 2010).

Plaintiff's only allegation is that he was not advised of his right to counsel for the suitability hearings. Plaintiff does not give any description of the hearing, whether he was given an opportunity to be heard or whether he received notice of why he was deemed unsuitable for parole.

As currently pleaded, Plaintiff fails to state a due process claim. Plaintiff will be given one additional opportunity to amend his complaint. In his amended complaint, Plaintiff must describe in greater detail his claim so the Court can make a determination of any constitutional violations.

The Court would also like Plaintiff to note that there is not a federal constitutional right to counsel in a parole suitability hearing. Gomez v. California Bd. Of Pardons, 2010 WL 539409, *1 (N.D. Cal. Feb. 9, 2010) (citing Bonin v. Calderon, 59 F.3d 815, 841-42 (9th Cir.1995) (denial of state-created procedural right not cognizable on habeas corpus review unless there is deprivation of substantive right protected by federal constitution)).

**B.   Habeas Claim**

It appears that Plaintiff may be quibbling with his release date. The Court would like Plaintiff to keep in mind that when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 498-500 (1973); Young v. Kenny, 907 F.2d 874, 875-76 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). If Plaintiff is indeed complaining about the legality or duration of his

1    custody, Plaintiff's civil rights complaint will be dismissed entirely. In his Amended

2    Complaint, Plaintiff should describe his allegations and claims regarding his allegedly

3    unlawful detention in more detail to allow the Court to determine whether his allegations

4    should be filed as a civil rights action or a petition for writ of habeas corpus.

5    **V.   MOTION FOR RECONSIDERATION**

6    On June 6, 2011, Plaintiff filed a Motion for Reconsideration by the Court to Serve

7    Defendants. (ECF No. 14.) In it, Plaintiff requests that the Court reconsider the denial of

8    service contained in the Mary 23, 2011 Order and states that the Court previously

9    screened this complaint on July 12, 2010.

10    The July 12, 2010 Order grants Plaintiff's application to proceed informa pauperis.

11    (ECF No. 8.) It did not screen the case. Thus, Plaintiff's Motion for Reconsideration is

12    DENIED.

13    **VI.   CONCLUSION AND ORDER**

14    The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon

15    which relief may be granted. The Court will provide Plaintiff time to file an amended

16    complaint to address the potentially correctable deficiencies noted above. See Noll v.

17    Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must

18    demonstrate that the alleged incident or incidents resulted in a deprivation of his

19    constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual

20    matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting

21    Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally

22    participated in the deprivation of his rights. Jones, 297 F.3d at 934.

23    Plaintiff should note that although he has been given the opportunity to amend, it

24    is not for the purposes of adding new defendants or claims. Plaintiff should focus the

25    amended complaint on claims and defendants discussed herein.

26    Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

27    be complete in itself without reference to any prior pleading. As a general rule, an

28    amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.     Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-1177-GBC (PC);

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted; and

4.     Plaintiff's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated:     June 10, 2011

UNITED STATES MAGISTRATE JUDGE