# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO J. HONESTO,<br><br>　　　　　Plaintiff,<br>　v.<br>A. SCHWARZENEGGER, et al.,<br>　　　　　Defendants. | CASE NO. 1:10-cv-01177-GBC (PC)<br><br>ORDER DISMISSING PLAINTIFF'S ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 16)<br><br>/ CLERK TO CLOSE CASE |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Pedro J. Honesto ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 22, 2010 and consented to Magistrate Judge jurisdiction on July 29, 2010. (ECF Nos. 1 & 9.)   No other parties have appeared.  Plaintiff's complaint was dismissed with leave to amend for failure to state a claim. (ECF Nos. 1 & 15.)  Plaintiff filed a First Amended Complaint on June 23, 2011.  (ECF No. 16.)

Plaintiff's First Amended Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

**II.    SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

1  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
2  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
3  relief may be granted, or that seek monetary relief from a defendant who is immune from
4  such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion
5  thereof, that may have been paid, the court shall dismiss the case at any time if the court
6  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
7  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

8        A complaint must contain "a short and plain statement of the claim showing that the
9  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
10  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by
11  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
12  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set
13  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its
14  face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual
15  allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

16  **III.    SUMMARY OF COMPLAINT**

17        Plaintiff appears to be alleging violations of his due process rights.  Plaintiff names
18  the following individuals as Defendants: A. Schwarzenegger, J. Hartley, and Does.

19        Plaintiff's statement of the case contains almost no allegations of constitutional
20  violations.  Plaintiff states that Defendant Hartley is responsible for establishing minimum
21  eligibility release dates (MERD) for prisoners, including Plaintiff, with indeterminate release
22  dates.  Plaintiff goes on about the "some evidence" standard used for the hearings.  He
23  then details events that occurred in 2011, which are not part of this action.  Plaintiff finally
24  states that he was not advised of his right to counsel during this process, specifically for
25  the interviews conducted by correctional counselors and psychiatric doctors and that he
26  has a right to counsel during this process.

27        Plaintiff seeks declaratory and injunctive relief.

28  ///

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Due Process Claim

Again, it is very difficult for the Court to determine what Plaintiff is alleging as he talks in generalities and procedures and not specifics. It appears that he is asserting that his rights of due process were violated in relation to his unsuitability hearing and subsequent interviews.[1]

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits state action that "deprive[s] a person of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 2. A person alleging a due process violation must first demonstrate that he or she was deprived of a protected liberty or property interest, and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Ky. Dep't. Of Corrs. v. Thompson, 490 U.S. 454, 459-60 (1989); McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). A protected liberty interest may arise from either the Due Process Clause itself or from state laws. Bd. of Pardons v. Allen, 482 U.S. 369, 373 (1987). In the context of parole, the United States Constitution does not, in and of itself, create a protected liberty interest in the receipt of a parole date, even one that has already been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981). If a state's statutory parole scheme uses mandatory language, however, it

---

[1] Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that § 1983 claims were cognizable because granting declaratory and injunctive relief that would render invalid state procedures used to deny parole eligibility and suitability would "[not] necessarily spell speedier release").

3

"'creates a presumption that parole release will be granted' when or unless certain designated findings are made, thereby giving rise to a constitutional liberty interest." McQuillan, 306 F.3d at 901 (quoting Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979)).

California state prisoners serving indeterminate prison sentences "may serve up to life in prison, but they become eligible for parole consideration after serving minimum years of confinement." In re Dannenberg, 104 P.3d 783, 791 (2005). California's statutory scheme governing parole eligibility for indeterminately sentenced prisoners provides, generally, that a release date will be granted unless the Board determines that "the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offense, is such that consideration of the public safety requires a more lengthy period of incarceration." Cal.Penal Code § 3041(b). California state prisoners whose sentences carry the possibility of parole, therefore, have a clearly established, constitutionally protected liberty interest in the receipt of a parole release date. Allen, 482 U.S. at 377-78 (quoting Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 12 (1979)); see also Irons v. Carey, 505 F.3d 846, 850-51 (9th Cir. 2007) (citing Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1128 (9th Cir.2006)); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003); McQuillion, 306 F.3d at 903.

Despite the existence of this liberty interest, it is well established that inmates are not guaranteed the "full panoply of rights" during a parole suitability hearing as are normally afforded to criminal defendants under the Due Process Clause. See Pedro v. Or. Parole Bd., 825 F.2d 1396, 1398-99 (9th Cir. 1987). Nonetheless, inmates are afforded limited procedural protections. The Supreme Court has held that a parole board, at minimum, must give an inmate an opportunity to be heard and a decision informing him of the reasons he did not qualify for parole. Hayward v. Marshall, 603 F.3d 546, 560 (9th Cir. 2010) (citing Greenholtz, 442 U.S. at 16). In addition, as a matter of state constitutional law, denial of parole to California inmates must be supported by "some evidence" demonstrating that the inmate poses an unreasonable risk of danger to society. Hayward,

603 F.3d at 562 (citing In re Rosenkrantz, 59 P.3d 174 (2002)); see also In re Lawrence, 190 P.3d 535, 539 (recognizing the denial of parole must be supported by "some evidence" that an inmate "poses a current risk to public safety"); In re Shaputis, 190 P.3d 573, 584-585 (2008) (same). "California's 'some evidence' requirement is a component of the liberty interest created by the parole system of [the] state," Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010), making compliance with this evidentiary standard mandated by the federal Due Process Clause. Pearson v. Muntz, 606 F.3d 606, 609 (9th Cir. 2010).

Again the only allegation that the Court can parse out from Plaintiff's statement of the case is that he was not advised of his right to counsel for the suitability hearings. In its previous Screening Order, Plaintiff was notified that there is not a federal constitutional right to counsel in a parole suitability hearing. Gomez v. California Bd. Of Pardons, 2010 WL 539409, *1 (N.D. Cal. Feb. 9, 2010) (citing Bonin v. Calderon, 59 F.3d 815, 841-42 (9th Cir.1995) (denial of state-created procedural right not cognizable on habeas corpus review unless there is deprivation of substantive right protected by federal constitution)).

Plaintiff apparently ignored the Court's guidance and again fails to give any description of the hearing, whether he was given an opportunity to be heard and notice of why he was deemed unsuitable for parole. As currently pleaded, Plaintiff again fails to state a due process claim. Plaintiff was previously notified of the relevant legal standards and the deficiencies in his previous complaint. His Amended Complaint contains different facts and dates, but no allegations that are materially different than those contained in his previous complaint. Because Plaintiff's Amended Complaint again fails to state a claim against any named Defendant, the Court will dismiss this claim without further leave to amend

### B. Habeas Claim

Again, it appears that Plaintiff is arguing about his release date. As the Court previously reminded Plaintiff, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475,

498-500 (1973); <u>Young v. Kenny</u>, 907 F.2d 874, 875-76 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Thus, this claim again fails and the Court will dismiss this claim without further leave to amend

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any Section 1983 claims upon which relief may be granted against the named Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action, Plaintiff filed two complaints and received substantial guidance from the Court in its Screening Order. (ECF Nos. 1, 15, & 16.) Even after receiving the Court's guidance, Plaintiff failed to make alterations or to include additional facts to address the noted deficiencies. Because of this, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   July 14, 2011                                   _____
                                                          UNITED STATES MAGISTRATE JUDGE